| | |
|---|---|
| 1 | **GREENBERG TRAURIG, LLP** |
| 2 | Cindy Hamilton (SBN 217951)<br>Brian Gee (SBN 317436) |
| 3 | 1900 University Avenue, 5th Fl.<br>East Palo Alto, CA 94303 |
| 4 | Tel:   (650) 328-8500<br>Fax:   (650) 328-8508 |
| 5 | Email: hamiltonc@gtlaw.com<br>        geeb@gtlaw.com |
| 6 | Counsel for Defendant |
| 7 | JPMorgan Chase Bank, N.A. (erroneously sued as<br>JPMorgan Chase & Co.) |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DON ALBINO LLC,<br><br>               Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE & CO.,<br><br>               Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>Action filed: June 25, 2025 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. (erroneously sued as JPMorgan Chase & Co.) ("Chase"), by and through its counsel, the law firm of Greenberg Traurig, LLP, files this Notice of Removal based on diversity of citizenship in the action captioned *Don Albino LLC v. JPMorgan Chase & Co.*, bearing case number 25CECG03011, from the Superior Court of California for the County of Fresno, to the United States District Court for the Eastern District of California (the "Notice"). In support of removal, Chase hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a).[1]

## I. JURISDICTION

This Court has original jurisdiction over this Action because it is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b). There is complete diversity of citizenship between Chase and Plaintiff Don Albino LLC ("Don Albino") and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, Chase is not a citizen of California, the state in which the Action is brought. *See* 28 U.S.C. § 1441(b)(2).

## II. THE REMOVED CASE

1. On June 25, 2025, Don Albino commenced this action in the Superior Court of California for the County of Fresno, Case No. 25CECG03011 (the "State Court Action"). A copy of the Complaint is attached as **Exhibit A**.

---

[1] If the Court requests additional information or removal is challenged, Chase will provide evidence supporting the Court's jurisdiction, and Chase requests the opportunity to brief any disputed issues and to present oral argument, if necessary. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) (A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail.); *Janis v. Health Net, Inc.*, 472 F. App'x 533, 534 (9th Cir. 2013) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal. Section 1446(a) requires merely a 'short and plain statement of the grounds for removal.'") (citations omitted); *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 924 (9th Cir. 2019) ("[W]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of evidence that the jurisdictional requirements are satisfied."); *Zepeda v. Mastec Network Solutions, LLC*, No. 18-cv-00749, 2018 WL 3222749, at *2 (C.D. Cal. June 29, 2018) (In response to a jurisdictional challenge, the court may consider "supplemental evidence later proffered by the removing defendant.") (citations omitted).

2. The Complaint asserts claims for breach of contract, conversion, negligence, accounting, compensatory damages, and punitive damages. In support of these claims, Don Albino alleges that Chase reduced Don Albino's bank account balance to $0 and closed the account without providing an explanation or notice to Don Albino. Ex. A, Complaint ¶¶ 11-12.

3. Don Albino served the Complaint on Chase on July 16, 2025. Chase has not yet filed a response to the Complaint in Superior Court.

4. Upon information and belief and based upon the public database records of the Superior Court of California for the County of Fresno, as of the date of filing this Notice, Defendant Chase has been served and is the only defendant in this action. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Court Action available on the Superior Court of California for the County of Fresno website are attached as **Exhibit B**. Thus, "all defendants who have been properly joined and served" consent to the removal of this Action. 28 U.S.C. § 1446(b)(2)(A).

5. No further proceedings have been filed in the State Court Action.

6. The Complaint on its face states that the amount in controversy is at least $1.5 million. Ex. A, Complaint ¶ 26; Ex. A, Complaint Prayer for Relief ¶ 1.

### III. VENUE

7. The Action was filed in the Superior Court of the State of California, County of Fresno. Venue properly lies in the United State District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 84(b) and 1441(a).

### IV. TIMELINESS OF REMOVAL

8. Chase hereby files this Notice of Removal within thirty (30) days of being served with the Complaint pursuant to 28 U.S.C. § 1446(b)(1). Chase's deadline for timely removal is August 14, 2025.

9. This action may be removed to this United States District Court under 28 U.S.C. § 1441(a)-(b), as this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(a)(1) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446

$75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

### V. THE ACTION IS BETWEEN CITIZENS OF DIFFERENT STATES

10. Don Albino is, and was at all relevant times, a citizen of California. Ex. A, Complaint ¶ 1; Declaration of Cindy Hamilton, ¶ 2 Ex. 1.

11. Diversity jurisdiction involving entities depends on the form of the entity. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A limited liability corporation is a citizen of every state of which its owners/members are citizens for the purposes of diversity jurisdiction. *Johnson*, 437 F.3d at 899.

12. Don Albino's Statement of Information on file with the Office of the Secretary of State for the state of California lists two members: Albino Rodriguez and Dominga Tapia. The Statement of Information provides that the address for both members is 1840 Shaw Ave, Building 105, Suite 58, Clovis, California 93611. Accordingly, Don Albino is a citizen of California. Declaration of Cindy Hamilton, ¶ 2 Ex. 1.

13. Chase is, and was at the time Plaintiff commenced this Action, a national banking association established and organized under the laws of the United States, with its main office, as designated by its articles of association, in Columbus, Ohio. *See also Hope v. U.S. Bank NA*, No. 12-CV-00297-PHX-FJM, 2012 WL 1292464, at *1 (D. Ariz. Apr. 16, 2012 (Chase's main office is located in the State of Ohio.). Accordingly, Chase is a citizen of Ohio for purposes of diversity.[2]

14. Accordingly, there is complete diversity of citizenship between the parties, as Don Albino is a citizen of California, and Chase is not a citizen of California.

### VI. THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

15. The amount in controversy for removal is facially satisfied by the Complaint, which states that it is at least $1.5 million. Ex. A, Complaint ¶ 26; Ex. A, Complaint Prayer for Relief ¶ 1. The amount in controversy requirement must be in excess of $75,000.00. See 28 U.S.C. § 1332.

---

[2] Don Albino's Complaint incorrectly asserts that Chase is a citizen of New York. Ex. A, Complaint ¶ 2.

16. Chase denies that it is liable for any damages whatsoever to Don Albino. Nevertheless, Don Albino seeks damages in the amount of $1.5 million. Ex. A, Complaint ¶ 26; Ex. A, Complaint Prayer for Relief ¶ 1. Thus, the amount in controversy requirement is satisfied.

### VII.  NOTICE TO STATE COURT AND ADVERSE PARTY

17. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal is (i) being served on all named parties to this suit that have lodged an appearance in the State Court Action and (ii) filed this date with the Clerk of the Superior Court of California for the County of Fresno.

18. If any question arises as to the propriety of this removal, Chase requests the opportunity to brief any disputed issues and to present oral argument in support of its position that this case is properly removable.

19. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Chase's right to assert any defense or affirmative matter, including, but not limited to, the defenses of lack of jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, failure to state a claim, fraudulent joinder or any other procedural or substantive defense available to Chase.

Undersigned counsel for Chase has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. 1446(a). Based on the foregoing, Chase respectfully removes the State Court Action to this Court.

DATED: August 14, 2025.                           **GREENBERG TAURIG, LLP**

                                                            */s/ Cindy Hamilton*
                                      Cindy Hamilton
                                      Brian Gee
                                      1900 University Avenue, 5th Fl.
                                      East Palo Alto, CA 94303

                                      Counsel for Defendant
                                      JPMorgan Chase Bank, N.A. (erroneously sued as JPMorgan Chase & Co.)

# **EXHIBIT A**

Richard A. Ruiz
2377 W. Shaw Ave UNIT #112
Fresno CA 93711
(559) 224-1115 / (559) 224-1117
rar.ruizlaw@gmail.com

E-FILED
6/25/2025 5:01 PM
Superior Court of California
County of Fresno
By: Emma Lucio, Deputy

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COURT OF FRESNO COUNTY

CIVIL DIVISION

DON ALBINO LLC,

    Plaintiff,

vs.

JPMORGAN CHASE & CO,

    Defendant

Case No.: Number 25CECG03011

1) BREACH OF CONTRACT
2) CONVERSION
3) NEGLIGENCE
4) ACCOUNTING
5) COMPENATORY DAMAGES
6) PUINITIVE DAMAGES

Plaintiff DON ALBINO, LLC ("Plaintiff"), by and through its undersigned counsel, brings this action against JP MORGAN CHASE & CO. ("Defendant" or "Chase") and alleges as follows:

**PARTIES**

1. Plaintiff is a limited liability company duly organized and existing under the laws of the State of California with its principal place of business in Fresno California.

2. Defendant is a nationally chartered banking institution, registered to do business in the State of **New York**, and maintains branches and provides banking services throughout the State of California, including in **Fresno County**.

**JURISDICTION AND VENUE**

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 1

3. Jurisdiction is proper in this Court because Defendant conducts substantial business within this jurisdiction and the transactions giving rise to this action occurred within the State.

4. Venue is proper in this Court because a substantial portion of the events and omissions giving rise to the claims occurred in this county.

## FACTUAL ALLEGATIONS

5. On or about December 11, 2023, Plaintiff, through its principal, met with Mr. Edward F. Valdespino to discuss a proposed real estate transaction involving the purchase of a property located at or near a PEMEX (Petroleum) site. Mr. Valdespino represented himself as being in a position to facilitate the transaction and manage related trust fund activities.

6. On or about December 12th and December 13, 2023, Plaintiff received capital contributions from silent partners in preparation for the transaction of the 'said property' purchase.

7. On or about December 14, 2023, Plaintiff wired the sum of $500,000.00 to a Bank of America Trust Account controlled by Mr. Edward F. Valdespino. This transfer was executed based on the mutual understanding that the funds would be held for the purpose of closing the subject real estate transaction.

8. On or about December 15, 2023, Plaintiff formally withdrew from the purchase agreement and requested that the wired funds be returned in full.

9. Between December 20, 2023 and December 21, 2023, Mr. Valdespino initiated the return of the funds through a series of transactions. The first return in the amount of $250,000.00 was successfully wired back to Plaintiff. The second attempted wire transfer of $250,000.00 failed. Subsequently, a third attempt to return the remaining $250,000.00 was made in person by Mr. Valdespino at a Chase Bank branch and was successfully completed.

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 2

10. Following these transactions, Plaintiff's Chase account held a balance of $535,138.91 as of January 10, 2024, representing returned funds and additional deposits.

11. On or about January 18, 2024, without any prior warning, consent, or notification, the balance of the account was reduced to $0.00 and the account was abruptly closed by Defendant JP Morgan Chase & Co. Plaintiff received no explanation, itemization, or justification for the withdrawal or closure of the account.

12. Despite Plaintiff's multiple inquiries and formal requests, Defendant has failed and refused to provide any legitimate rationale for the removal of funds or the closure of the account. Plaintiff has also not received a full and complete accounting of the transactions leading to the disappearance of the funds.

## FIRST CAUSE OF ACTION

### [Breach of Contract]

13. Plaintiff had a contractual banking relationship with Defendant that imposed upon Defendant duties of care, fiduciary responsibility, and obligation to maintain Plaintiff's funds securely, communicate material account actions, and process lawful transactions only with the consent of Plaintiff.

14. Defendant breached this contract by allowing funds to be withdrawn or otherwise removed from Plaintiff's account without authorization, failing to protect Plaintiff's assets, and by closing the account without proper notice.

15. As a direct and proximate result, Plaintiff suffered financial damages in excess of $500,000.00.

## SECOND CAUSE OF ACTION

### [Conversion]

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 3

16. Plaintiff had rightful ownership and possession of the funds on deposit with Defendant. Defendant, without authority, consent, or justification, exercised dominion and control over said funds by permitting the full balance of the account to be cleared and subsequently closing the account.

17. Such conduct constitutes unlawful conversion, entitling Plaintiff to damages and equitable relief.

18. Plaintiff is entitled to restitution in the amount of $1.5 Million representing the funds wrongfully converted by Defendant, as well as any other appropriate equitable relief to restore the Plaintiff to the position they would have been in had the unlawful conversion not occurred.

### THIRD CAUSE OF ACTION

### [Negligence]

19. Defendant owed Plaintiff a duty of care consistent with standard banking practices, including safeguarding deposited funds, preventing unauthorized disbursements, and properly managing account closures.

20. Defendant breached these duties, and such negligence was the direct and proximate cause of Plaintiff's financial loss.

21. Defendant breached these duties, and such negligence was the direct and proximate cause of Plaintiff's financial loss of $700,000.00

### FOURTH CAUSE OF ACTION

### [Accounting]

22. Plaintiff has requested and is entitled to a complete and itemized accounting of the funds transferred, held, and disbursed from its Chase account.

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 4

23. Defendant has failed and refused to produce such an accounting, preventing Plaintiff from ascertaining the full scope of the loss and the parties involved.

24. Plaintiff hereby makes a formal Request for Production of Documents, seeking all records related to the funds transferred, held, and disbursed from its Chase account, as this failure to produce the documents is causing consequential damages to Plaintiff.

## FIFTH CAUSE OF ACTION

### [Compensatory Damages]

25. As a direct and proximate result of Defendant's actions and omissions as described in the preceding causes of action, Plaintiff has suffered substantial financial losses.

26. Plaintiff is entitled to **compensatory damages** in the amount of **$1.5 Million** to compensate for the losses sustained as a result of Defendant's breach of contract, conversion, negligence, and failure to provide an accounting.

## SIXTH CAUSE OF ACTION

### [Punitive Damages]

27. Defendant's actions, including but not limited to unauthorized withdrawal of funds, failure to safeguard Plaintiff's assets, and refusal to produce necessary accounting records, were committed with malice, oppression, and/or fraud.

28. Plaintiff is entitled to **punitive damages** in an amount sufficient to punish Defendant for their wrongful conduct and to deter such behavior in the future.

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff DON ALBINO, LLC prays for judgment against Defendant JP MORGAN CHASE & CO. as follows:

For compensatory damages in the amount of $1.5 Million

1. For restitution of misappropriated funds;
2. For a full and detailed accounting of Plaintiff's Chase account transactions.
3. For prejudgment and post-judgment interest as permitted by law;
4. For punitive and exemplary damages where applicable;
5. For costs of suit incurred herein;
6. For attorneys' fees where permitted by statute or contract;
7. For such other and further relief as the Court deems just and proper.

_____
Attorney Name

BREACH OF CONTRACT2) CONVERSION3) NEGLIGENCE4) ACCOUNTING5) COMPENATORY DAMAGES6) PUINITIVE DAMAGES - 6

# **EXHIBIT B**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Richard A. Ruiz #270090<br>Law Offices Of Richard A Ruiz<br>2377 W Shaw Ave UNIT #112 Fresno CA 93711<br>TELEPHONE NO.: (559) 224-1115   FAX NO.: (559) 224-1117<br>EMAIL ADDRESS: rar.ruizlaw@gmail.com<br>ATTORNEY FOR *(Name):* Don Albino, LLC | E-FILED<br>6/25/2025 5:01 PM<br>Superior Court of California<br>County of Fresno<br>By: Emma Lucio, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno 93721-2220
BRANCH NAME: B. F. Sisk Courthouse

CASE NAME:
Don Albino, LLC vs. JPMorgan Chase & Co

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 25CECG03011 |
|---|---|---|
| [✓] Unlimited   [ ] Limited<br>(Amount demanded exceeds $35,000)   (Amount demanded is $35,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [✓] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [✓] is  [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [✓] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 4-22-25

Richard A. Ruiz
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California      **CIVIL CASE COVER SHEET**      Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. January 1, 2024]  CIVIL CASE COVER SHEET  Page 2 of 2

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

E-FILED
7/3/2025
Superior Court of California
County of Fresno
By: Emma Lucio, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
JPMorgan Chase & Co

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Don Albino, LLC

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):*
B. F. Sisk Courthouse
1130 "O" Street
Fresno CA 93721-2220

**CASE NUMBER:** *(Número del Caso):* 25CECG03011

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Richard A. Ruiz #270090    (559) 224-1115
2377 W Shaw Ave UNIT #112 Fresno CA 93711

DATE: 7/3/2025    Clerk, by _____ E.Lucio, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

|  |  |
|---|---|
| **POS-010** | |
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>RICHARD A. RUIZ | SBN: 270090<br>LAW OFFICES OF RICHARD A. RUIZ<br>2377 W Shaw Ave Ste 112   Fresno, CA 937113438<br>TELEPHONE NO.: (559) 224-1115 | FAX NO. (559) 224-1117 | E-MAIL ADDRESS *(Optional):* rar.ruizlaw@gmail.com<br>ATTORNEY FOR *(Name):* Plaintiff: DON ALBINO LLC | FOR COURT USE ONLY<br><br>E-FILED<br>7/25/2025 11:38 AM<br>Superior Court of California<br>County of Fresno<br>By: A. Hoffman, Deputy |
| **FRESNO COUNTY SUPERIOR COURT**<br>STREET ADDRESS: 1130 O STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: FRESNO, CA 93724<br>BRANCH NAME: | |
| PLAINTIFF: DON ALBINO LLC<br>DEFENDANT: JPMORGAN CHASE & CO | CASE NUMBER:<br>25CECG03011 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>don albino llc |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   - a. ☑ summons
   - b. ☑ complaint
   - c. ☑ Alternative Dispute Resolution (ADR) package
   - d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   - e. ☐ cross-complaint
   - f. ☑ other *(specify documents):* **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES; BLANK ANSWER**
3. a. Party served *(specify name of party as shown on documents served):*
   **JPMORGAN CHASE & CO**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **JOHN MONTIJO - AGENT FOR SERVICE OF PROCESS**
4. Address where the party was served: **300 N Brand Blvd Ste 700**
   **Glendale, CA 91203-2304**
5. I served the party *(check proper box)*
   - a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **7/16/2025**   (2) at *(time):* **12:25 PM**
   - b. ☐ **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*
     - (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.
     - (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
     - (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.
     - (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*          **or** ☐ a declaration of mailing is attached.
     - (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10<br>POS010-1/79178

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:                                (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. (*Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of: **JPMORGAN CHASE & CO**
     under the following Code of Civil Procedure section:

| | |
|---|---|
| ☑ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **Shaunt Demirchyan - A2Z Attorney Service**
  b. Address: **1401 Garden Hwy, #100  Sacramento, CA 95833**
  c. Telephone number: **(916) 436-5484**
  d. **The fee** for service was: **$ 35.00**
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ registered California process server:
      (i) ☐ owner   ☐ employee   ☑ independent contractor.
      (ii) Registration No.: **2023065327**
      (iii) County: **Los Angeles**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   or
9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **7/17/2025**

**A2Z Attorney Service**
**1401 Garden Hwy, #100**
**Sacramento, CA 95833**
**(916) 436-5484**
**www.a2zattorneyservice.com**

**Shaunt Demirchyan**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

| SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO<br>Civil Unlimited Department, Central Division<br>1130 O Street<br>Fresno, California 93721<br>(559) 457-1900 | FOR COURT USE ONLY<br>7/3/2025 |
|---|---|
| TITLE OF CASE:<br><br>Don Albino, LLC vs. JPMorgan Chase & CO,/ Complex | |
| **NOTICE OF CASE MANAGEMENT CONFERENCE AND ASSIGNMENT OF JUDGE FOR ALL PURPOSES** | CASE NUMBER:<br>25CECG03011 |

**To All Parties and their Attorneys of Record:**

Richard A. Ruiz
Law Offices of Richard A. Ruiz
2377 W. Shaw Ave., Suite 112
Fresno CA 93711

This case has been assigned to **Lisa M. Gamoian,** Judge for **all purposes**.
All future hearings will be scheduled before this assigned judge, in **Department 403**

You are required to appear at a Case Management Conference on **11/06/2025** at **3:28 PM** in **Department 403** of the Court located at **1130 O Street, Fresno, California.**

You must comply with the requirements set forth in Chapter 2 of the Superior Court of Fresno County, Local Rules. You must file a Case Management Conference Statement at least 15 calendar days before the conference (Cal. Rules of Court, rule 3.725(a).)

Failure to appear at the conference or to comply with these rules may result in imposition of sanctions, waiver of jury trial, or other adverse consequences.

**Defendants:** Appearance at the Case Management Conference does not excuse you from having to file your response in proper legal form within 30 days after the summons is served on you. Failure to file a response in a timely manner may result in adverse consequences, including a default judgment being entered against you.
If you do not have an attorney and wish to retain one, there are attorney referral services, legal aid offices, and private practice attorneys in the Fresno area (most may be found on the internet or the local phone book).

**An Order Regarding Remote Appearance (RA-020) is not required for Case Management Conferences unless so ordered by the court. For any other appearances, a party must submit a request for remote appearance to be reviewed.**

**DECLARATION**

I declare under penalty of perjury under the laws of the State of California that I gave a copy of the **Notice of Case Management and Assignment of Judge for All Purposes** to the person who presented this case for filing.

Date:   **7/3/2025**                       Clerk, by    **Emma Lucio**                              _____, Deputy

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of August, 2025, a true and correct copy of the foregoing was filed electronically via the Court's CM/ECF system. Notice of filing will be served on all parties by operation of the Court's EM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Mayeanne Avena
Mayeanne Avena